Frank Perez 33169-068
Name and Prisoner Number/Alien Registration Number

F.C.I. Tucson AZ
Place of Confinement

P.O. Box 23811
Mailing Address

Tucson, AZ 85735
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ✓   LODGED ___
RECEIVED ___   COPY ___

DEC 23 2024

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Frank Perez
(Full Name of Petitioner)

        Petitioner,

vs.

B. Hudson
(Name of Warden, Jailor or authorized person
having custody of Petitioner)

        Respondent.

CASE NO. CV-24-00610-TUC-SHR--MSA
(To be supplied by the Clerk)

PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY

## PETITION

1. What are you challenging in this petition?
   ☐ Immigration detention
   ☒ Bureau of Prisons sentence calculation or loss of good-time credits
   ☐ Probation, parole or supervised release
   ☒ Other (explain): 28 CFR Section 523.41 (d)(2)

2. (a) Name and location of the agency or court that made the decision you are challenging:
   BOP Washington, D.C.

   (b) Case or opinion number: 28 CFR section 523.41 (d)(2)

   (c) Decision made by the agency or court: Implementing regulations

Revised 3/9/07

530

(d) Date of the decision: __Jan 19, 2022__

3. Did you appeal the decision to a higher agency or court?   Yes ☐   No ☒

   If yes, answer the following:

   (a) First appeal:

       (1) Name of the agency or court: __N/A__

       (2) Date you filed: __N/A__

       (3) Opinion or case number: __N/A__

       (4) Result: __N/A__

       (5) Date of result: __N/A__

       (6) Issues raised: __N/A__

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

   (b) Second appeal:

       (1) Name of the agency or court: __N/A__

       (2) Date you filed: __N/A__

       (3) Opinion or case number: __N/A__

       (4) Result: __N/A__

       (5) Date of result: __N/A__

       (6) Issues raised: __N/A__

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

   (c) Third appeal:

       (1) Name of the agency or court: __N/A__

       (2) Date you filed: __N/A__

(3) Opinion or case number: __N/A__

(4) Result: __N/A__

(5) Date of result: __N/A__

(6) Issues raised: __N/A__

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

4.  If you did not appeal the decision to a higher agency or court, explain why you did not: __This is a challenge to the BOP's implementing regulations and offical program statement so it is thus subject to the fatility exception to exhuastion of administrative remedies per Ward V. Chavez, 678 F.3d 1042, 1045-1046 (9th Cir. 2012).__

5.  Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?    Yes ☐    No ☒

If yes, answer the following:

(a) Name of the agency or court: __N/A__

(b) Date you filed: __N/A__

(c) Opinion or case number: __N/A__

(d) Result: __N/A__

(e) Date of result: __N/A__

(f) Issues raised: __N/A__

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

6.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   **CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.

...

GROUND ONE: Under Sok v. Eischen, 2022 U.S. Dist. LEXIS 212513, Id. at *6-7 (D. Minn. 2022), the BOP's official policy, 28 CFR Section 523.41(d)(2) should be set aside/invalidated because of the ambiguity of 18 U.S.C. Section 3632(d)(4)(D). Specifically, "[o]n its face, there is at least some ambiguity in 18 U.S.C. Section 3632(d)(4)(D). Respondent concedes that there is at least some ambiguity in Section 3632(d)(4)(D). (Response [Docket No. 6 at 5-7]). As pertinent to the present circumstances, Section 3632(d)(4)(D) is silent as to the eligibility of a prisoner who is serving term of imprisonment for multiple convictions under different criminal statutes where only one of the underlying convictions would preclude the prisoner from accruing time credits.

Consequently and more salient to the present case, Section 3632(d)(4)(D) is likewise silent on the eligibility of a prisoner who, like Petitioner, is serving term of imprisonment for multiple convictions under different criminal statutes where only one of the underlying convictions would preclude the prisoner from accruing time credits and who has served a term of imprisonment greater in length than the sentence imposed for the ineligible conviction ... There appears to be no provision in 18 U.S.C. Section 3632(d)(4)(D) or the remainder of the First Step Act which speaks to this ambiguity or directs the BOP on how to proceed in these circumstances. On this basis, the Court finds that the phrase 'serving a sentence for a conviction under any of the following provisions of law,' as used in Section 3632(d)(4)(D), is ambiguous."

Sok, Id. at *6-7. The remaining analysis by the Court applying Chevron deference is addressed in Ground Two.

SUPPORTING FACTS: On January 19, 2022, the BOP promulgated 28 CFR Section 523.41(d)(2), and has since applied the principle of "administrative aggregation" under 18 U.S.C. Section 3584(c), where the BOP aggregates all of the different convictions under different criminal statutes as though they are one sentence, and categorically excludes those with a single disqualifying conviction under Section 3632(d)(4)(D) from being eligible to earn and apply FSA time credits as though that single disqualifying conviction speaks for the entire sentence - including convictions that would be eligible for FSA time credits. For example, petitioner has a single 18 U.S.C. Section 924(c) conviction/sentence, which is disqualified under Section 3632(d)(4)(D), but he also has a 21 U.S.C. 846 drug conspiracy conviction/sentence, and a 18 U.S.C. Section 1117 conviction/sentence, which are not disqualified under Section 3632(d)(4)(D).

Petitioner has served his Section 924(c) sentence already, and is serving a 20 year sentence for the drug and conspiracy convictions/sentences. However, 28 CFR Section 523.41(d)(2) prohibits petitioner from being eligible to earn/apply FSA time credits as Section 523.41(d)(2) incorporates the language of Section 3532(d)(4)(D) along with Section 3632(d)(4)(D)'s ambiguity cited by the Court in Sok. For these reasons, Section 523.41(d)(2) should be set aside/invalidated and the BOP directed to disaggregate sentences for FSA eligibility considerations. It strains credulity that a sentence already served would disqualify eligibility for a different sentence still being served and undermine the evidence-based, and individualized rehabilitative focus of the FSA.

...

GROUND TWO: Under Loper Bright Enterprises v. Raimondo, 2024 U.S. LEXIS 2882 (2024), the Chevron deference applied by the Court in Sok v. Eischen, 2022 U.S. Dist. LEXIS 212513 (D. Minn. 2022) is moot because Chevron has been overruled. To that end, the conclusion drawn by the Court in Sok, Id. at *6-7, that Section 3632(d)(4)(D) is ambiguous cannot be remedied by deeming the BOP's interpretation of that statute "reasonable".

SUPPORTING FACTS: On June 28, 2024, the Supreme Court decided Loper, and overruled the longstanding precedent of Chevron deference. In Sok, Chevron deference was the lynchpin that made relief unavailable. That is, 18 U.S.C. Section 3584 (c) cannot be used as a basis to aggregate for "administrative purposes" FSA eligibility. Only discretionary functions can be deemed "administrative purposes", and thus aggregated. For example, under 18 U.S.C. Section 3621(e)(2)(B), a sentence "may be reduced by the BOP" by one year for successful completion of the BOP's residential drug abuse program.

The key phrase is "may be reduced" in Section 3621(e)(2)(B), which may be permissibly aggregated for administrative purposes as the term "may" confers discretion upon the BOP. However, under the FSA, time credits "shall" be earned, those time credits "shall be applied", and the BOP "shall transfer" prisoners who have earned time credits to prerelease custody or early supervised release. See, 18 U.S.C. Section 3632(d)(4)(C). As such, the mandatory language of the FSA precludes the BOP from exercising discretion over earned FSA time credits, and further precludes the BOP from misidentifying/miscategorizing the FSA as an "administrative purpose" under 18 U.S.C. Section 3584(c).

That is, if Section 3632(d)(4)(C) stated FSA time credits "may" be earned, "may be applied", and the BOP "may transfer" prisoners to prerelease custody or early supervised release then the BOP could safely aggregate convictions/sentences for FSA eligibility determinations as an administrative purpose. To restate the obvious, this is simply not the language Congress chose when drafting Section 3632(d)(4)(C). Thus, to the extent that the Court's reasoning applying Chevron deference in the remainder of Sok is now abrogated by the Supreme Court in Loper, petitioner respectfully contends that any future position to be taken by the government that Section 3584(c) allows such aggregation, is now squarely foreclosed.

To that end, the Court should hold that the mandatory nature of Section 3632(d)(4)(C) indeed prohibits mischaracterizing the FSA as an "administrative purpose" to disqualify scores of prisoners like petitioner who have served the time for their only disqualifying conviction/sentence. In Ramirez v. Phillips, 2023 U.S. Dist. LEXIS 228778, Id. at *5-15 (E.D. Cal. 2023), Chief Judge Mueller granted a temporary restraining order against the BOP and recognized the FSA is mandatory. Thus, 28 CFR Section 523.41(d)(2) should be set aside/invalidated and the BOP ordered to change petitioner's status to eligible to earn and apply FSA time credits at the earliest opportunity available.

Please answer these additional questions about this petition:

7. Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☐   No ☒
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255 unless the § 2255 motion is legally inadequate or ineffective.)

   If yes, answer the following:

   (a) Have you filed a motion under 28 U.S.C. § 2255?   Yes ☐   No ☒

   If yes, answer the following:

   (1) Name of court: N/A
   (2) Case number: N/A
   (3) Opinion or case number: N/A
   (4) Result: N/A
   (5) Date of result: N/A
   (6) Issues raised: N/A

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

   (b) Explain why the remedy under § 2255 is inadequate or ineffective: N/A

8. If this case concerns immigration removal proceedings, answer the following:

   (a) Date you were taken into immigration custody: N/A
   (b) Date of removal or reinstatement order: N/A
   (c) Did you file an appeal with the Board of Immigration Appeals?   Yes ☐   No ☒
       (1) Date you filed: N/A
       (2) Case number: N/A

6 of 7

(3) Result: N/A

(4) Date of result: N/A

(5) Issues raised: N/A

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(d) Did you file an appeal with the federal court of appeals?   Yes ☐   No ☒

(1) Name of the court: N/A

(2) Date you filed: N/A

(3) Case number: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

9. Petitioner asks that the Court grant the following relief: A writ of Habeas Corpus that sets aside 28 CFR Section 523.41 (d)(2) and directs the BOP to change Petitioners status to "Eligiable to earn FSA time credits;"

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpu cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ o Habeas Corpus was placed in the prison mailing system on 12-17-24 (month, day, year)

Frank Perey
Signature of Petitioner

N/A
Signature of attorney, if any

12-17-24
Date