MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Perez,<br><br>    Petitioner,<br><br>v.<br><br>B. Hudson,<br><br>    Respondent. | No.   CV-24-00610-TUC-SHR (MSA)<br><br>**ORDER** |

Self-represented Petitioner Frank Perez, who is confined in the Federal Correctional Institution-Tucson, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and subsequently paid the filing fee. The Court will dismiss the § 2241 Petition and this action.

**I.    Petition**

In his Petition, Petitioner names B. Hudson as Respondent. Petitioner alleges he is serving sentences under 21 U.S.C. § 846, 18 U.S.C. § 1117, and 18 U.S.C. § 924(c). He concedes he is ineligible to receive Earned Time Credits (ETCs) under the First Step Act (FSA) for the § 924(c) conviction but contends he is eligible to receive ETCs for the other two convictions. Petitioner raises two grounds for relief.

In Ground One, Petitioner alleges the Federal Bureau of Prisons (BOP) promulgated 28 C.F.R. § 523.41(d)(2) and has

> applied the principle of "administrative aggregation" under 18 U.S.C. Section 3584(c), where the BOP aggregates all of the different convictions . . . as though they are one sentence[] and

> categorically excludes [inmates] with a single disqualifying conviction under Section 3632(d)(4)(D) from being eligible to earn and apply FSA time credits as though that single disqualifying conviction speaks for the entire sentence—including convictions that would be eligible for FSA time credits.

According to Petitioner, he has "served his Section 924(c) sentence already[] and is serving a 20[-]year sentence for the drug and conspiracy convictions." He contends 28 C.F.R. § 523.41(d)(2) prohibits him from "being eligible to earn/apply FSA time credits as [this section] incorporates the language of Section 3532(d)(4)(D) along with Section 3632(d)(4)(D)'s ambiguity cited by the Court" in *Sok v Eischen*, No. 22-CV-458, 2022 WL 17156797 (D. Minn. Oct. 26, 2022). Petitioner claims § 523.41(d)(2) should be "set aside/invalidated" and the BOP should be "directed to disaggregate sentences for FSA eligibility considerations."

In Ground Two, Petitioner asserts the district court in *Sok* held 18 U.S.C. § 3632(d)(4)(D) was ambiguous but gave deference to the BOP, pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to conclude relief was unavailable. Petitioner contends that because the Supreme Court overruled *Chevron*, the decision in *Sok* is "moot"; 18 U.S.C. § 3584(c) "cannot be used as a basis to aggregate for 'administrative purposes' FSA eligibility"; and "[o]nly discretionary functions can be deemed 'administrative purposes' and thus aggregated." According to Petitioner, "under the FSA, time credits 'shall' be earned," time credits "shall be applied," and the BOP "shall transfer" inmates with ETCs to prerelease custody or supervised release. He asserts this "mandatory language of the FSA precludes the BOP from exercising discretion over earned FSA time credits, and further precludes the BOP from misidentifying/miscategorizing the FSA as an 'administrative purpose' under 18 U.S.C. Section 3584(c)."

**II.   Discussion**

A district court must summarily dismiss a habeas petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *See* Rule

4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (applicable in § 2241 cases pursuant to Rule 1(b)).

Under the FSA, eligible inmates can earn time credits toward prerelease custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A), (C). Certain inmates are ineligible, including those "serving a sentence for a conviction under . . . Section 924(c)." 18 U.S.C. § 3632(d)(4)(D)(xxii). As Petitioner concedes, he was sentenced under § 924(c).

Regardless of whether terms of imprisonment are ordered to run consecutively or concurrently, Congress mandates the BOP "shall" treat multiple terms of imprisonment as a "single, aggregate term of imprisonment" for "administrative purposes." 18 U.S.C. § 3584(c); *United States v. Gonzales*, 520 U.S. 1, 8 (1997) (quoting § 3584(c)). There is no ambiguity in this.

"'[A]dministrative purpose' includes the implementation of the FSA time credit program that may reduce the sentence." *Giovinco v. Pullen*, 118 F.4th 527, 533 & n.4 (2d Cir. 2024) (noting this conclusion is consistent with "every other circuit court to have considered the question") (citing *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (aggregation under § 3584(c) was "proper for purposes of FSA time credits")); *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (no error in concluding petitioner's aggregated sentence precluded him from receiving ETCs); *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("BOP correctly treated [petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (BOP's aggregation of sentence and FSA ineligibility determination was proper); *see also Wall v. Hudson*, CV-24-00436-TUC-RCC, 2025 WL 447893, at *2 (D. Ariz. Feb. 10, 2025) ("Petitioner is ineligible for FSA time credits due to his conviction under 18 U.S.C. § 924(c) and the aggregation of his sentences."); *Catchings v. Dulgov*, CV-22-00388-TUC-

JAS (DTF), 2023 WL 11832521, at *2 (D. Ariz. Mar. 1, 2023) ("[n]othing in [18 U.S.C. § 3632] contemplated requiring the disaggregation that [petitioner] is requesting").

The BOP properly aggregated Petitioner's sentences and properly concluded he was ineligible for FSA credits. The Court will dismiss the Petition.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 24th day of March, 2025.

Honorable Scott H. Rash
United States District Judge